UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMEEL IBRAHIM,<br><br>**Plaintiff,**<br><br>v.<br><br>STATE OF NEW JERSEY ATTORNEY GENERAL, ESSEX COUNTY PROBATION SERVICES DIVISION, NEW JERSEY ADMINISTRATIVE OFFICE OF THE COURTS, and NEW JERSEY DEPARTMENT OF HUMAN SERVICES,<br><br>**Defendants.** | Civ. No. 18-3461 (KM) (CLW)<br><br>**MEMORANDUM OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

Plaintiff Jameel Ibrahim brings this action, *pro se*, against the State of New Jersey Attorney General, Essex County Probation Services Division, New Jersey Administrative Office of the Courts, and New Jersey Department of Human Services, seeking to vacate a New Jersey state court order requiring him to pay child support. He alleges that the defendants coerced him into taking a paternity test that was then used as the basis for the child support order.

A number of motions, or pleadings docketed as motions, are pending:

1. Motion to dismiss complaint of defendants NJ Dep't of Human Services and NJ State Attorney General (DE 17)
2. Motion to dismiss complaint of defendants Essex County Probation Services Division, NJ Administrative Office of the Courts (DE 18)
3. Plaintiff's Notice to Motion for objection dismissal summary judgment (DE 20)
4. Plaintiff's Motion upon DEFENDANT's Notice to Motion for objection dismissal summary judgment (DE 24)

1

5. Plaintiff's Motion upon DEFENDANT's Notice to Motion for objection dismissal summary judgment (DE 26)
6. Plaintiff's Motion for Leave to Amend federal rule 15 Amend. (DE 27)
7. Plaintiff's Judicial review Motion upon DEFENDANT's Notice to Motion for objection dismissal Injunction Summary Judgment, etc. (DE 29)[1]

Defendants moved to dismiss the Complaint on jurisdictional grounds and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained in this opinion, I will grant the Defendants' motion and dismiss the Complaint.

## I.     Factual Background

Plaintiff's Complaint alleges the following facts. For purposes of a Rule 12(b)(6) motion, the allegations of the Complaint are assumed to be true. *See* Section II.A, *infra.*

The Complaint is predicated upon a child support order issued by a New Jersey state court. (DE 1 ¶ 1). Mr. Ibrahim is seeking "to vacate the child support order" under Federal Rule of Civil Procedure 60(b). (*Id.* ¶ 12). Plaintiff's exhibits indicate that he is the father of a child born in March, 2000, and that, at least from April 2016 through June 2016, he owed weekly child support payments of $81.00. (DE 9 at 18-21).

Mr. Ibrahim alleges that he was ordered by a New Jersey court to take a genetic test, to which "he reluctantly submitted." (*Id.* ¶ 6). That genetic test established his paternity. (*Id.* ¶ 6). However, Mr. Ibrahim asserts that "paternity was established by force" because he submitted to this genetic testing "under duress." (*Id.* ¶ 6). Without the evidence of the compelled genetic test, says Mr. Ibrahim, his child would not have a legal claim to child support. (*Id.* ¶ 7). Therefore, he contends, the child support order ought to be vacated. (*Id.* ¶ 7).

---

[1]     Items 3, 4, 5, 6, and 7 are titled as motions, and the clerk docketed them as such. I construe them as the plaintiff's supplementation of his position and further opposition to the motions to dismiss. To the extent they stand as independent motions, however, they will be denied. *See infra.*

Mr. Ibrahim claims that the state, when inducing him to take the paternity test, omitted material facts. (*Id.* ¶ 10). This omission violated his due process rights because those facts would have been "important to [his] decision" whether to take such a test. (*Id.* ¶ 10). Mr. Ibrahim does not explain what facts or information the State allegedly omitted.

Plaintiff submits as an exhibit a copy of the New Jersey Child Support Program Handbook, which discusses the following with respect to uncertain paternity: "Each party in a contested paternity case must submit to genetic tests at the request of either party or the child support agency." (DE 9 at 4). Mr. Ibrahim also attached several letters from the United States Department of the Treasury Financial Management Service explaining that part of his federal tax refund was applied to the child support that he owed. (DE 9 at 10-11).

## II. Analysis

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of [his or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.*

3

at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Moreover, where the plaintiff, like Mr. Ibrahim, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

### B. Failure to State a Claim

Even a *pro se* complaint must give the defendants fair notice of what a plaintiff's claim is and the grounds upon which it rests. *See* Section II.A, *supra*; *Schulsinger v. Perchetti*, No. 15-5752, 2016 WL 475303, at *3 (D.N.J. Feb. 8, 2016). This complaint, even as supplemented by multiple other overlapping pleadings, fails to meet these minimal standards.

Mr. Ibrahim objects to the paternity test that formed the basis of the State court's child support order. He cites 42 U.S.C. § 652(e) (requiring the Secretary to provide technical assistance to States with respect to information management systems in connection with paternity determination and collection of child support). He alleges that the system for paternity testing gives the state judiciary a conflict of interest because the state is receiving federal funds. Citing the Fourth Amendment "fruit of the poisonous tree" doctrine, he asserts that the impropriety of his genetic test invalidates the ensuing child support order. While Mr. Ibrahim does allege that the State omitted certain details

4

about the paternity test prior to its being administered, he does not explain what facts or details were omitted, who omitted them, why that omission was significant, or the nature of the right that was supposedly impaired by virtue of this alleged omission. These allegations are therefore insufficient to put the Defendants on notice of the claims against them.[2]

Mr. Ibrahim alleges that he was "forced" to take a paternity test, and also that he "reluctantly submitted" to that test. (DE 1 ¶ 6). At times in his various submissions, he seems to be saying that submission to paternity testing is a matter of contract, and that he submitted under duress, which undermines the voluntariness of his agreement. Because he was not given unspecified information prior to taking the test, he says he was unfairly lured into doing so. But his own submissions establish taking the genetic test was not a matter of persuasion or contract; he was required to do so by state law, irrespective of any information the state might or might not have furnished him.

Thus Mr. Ibrahim cites to the portion of the New Jersey Child Support Program Handbook that discusses how the putative father in a contested paternity case must submit to genetic testing at the request of either party or the child support agency. (DE 9 at 4). That is indeed the rule in New Jersey, which allows New Jersey courts to issue court orders requiring a putative father to take a genetic test. *See* N.J. Stat. Ann. § 9:17–48(d) (authorizing the court to order a party to submit to a genetic test upon the requesting parties' sworn statement "set[ting] forth the facts establishing a reasonable possibility" of paternity, among other grounds); N.J. Stat. Ann. § 9:17–41(b); *R.S. v. P.H.*, No. A-5782-10T4, 2013 WL 512595, at *2 (N.J. Super. Ct. App. Div. Feb. 13, 2013); *see also* 42 U.S.C. § 666(a)(5). Consequently, Mr. Ibrahim has not explained this paternity genetic test violated his rights.[3]

---

[2] *See* Defendants' Memorandum of Law in Support of Their Motions to Dismiss. (DE 17-1 at 9) ("The State Defendants are unable to determine what, if any, allegations Plaintiff has made against them."); (DE 18 at 12-13) (same).

[3] If he believed the court's order to be legally unwarranted, his remedy was to make a motion or pursue an appeal, not to submit "reluctantly."

Nor does the complaint set forth the basis on which the results of even an invalidly administered paternity test—the accuracy of which is not questioned—must be suppressed. He analogizes to the "fruit of the poisonous tree" doctrine. That doctrine, however, is a rule of evidence suppression pursuant to the Fourth Amendment; it applies in criminal cases, not civil proceedings. *See Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999) (Noting that the "fruit of the poisonous tree doctrine" is inapplicable to 42 U.S.C. § 1983 actions and that the doctrine "is an evidentiary rule that operates in the context of criminal procedure"). Without some connection between the assertions of improper implementation of the genetic test and the validity of the subsequent child court order, it is unclear what valid legal cause of action Mr. Ibrahim could be asserting.

### III. CONCLUSION

For the reasons stated in this Opinion, I dispose of the motions as follows:

1. Motion to dismiss complaint of defendants NJ Dep't of Human Services and NJ State Attorney General (DE 17): GRANTED
2. Motion to dismiss complaint of defendants Essex County Probation Services Division, NJ Administrative Office of the Courts (DE 18): GRANTED
3. Plaintiff's Notice to Motion for objection dismissal summary judgment (DE 20): DENIED
4. Plaintiff's Motion upon DEFENDANT's Notice to Motion for objection dismissal summary judgment (DE 24): DENIED
5. Plaintiff's Motion upon DEFENDANT's Notice to Motion for objection dismissal summary judgment (DE 26): DENIED
6. Plaintiff's Motion for Leave to Amend federal rule 15 Amend. (DE 27): DENIED
7. Plaintiff's Judicial review Motion upon DEFENDANT's Notice to Motion for objection dismissal Injunction Summary Judgment, etc. (DE 29) : DENIED

6

The dismissals of the complaint (Items 1 and 2, DE 17 and 18) are granted without prejudice to the submission, within 30 days, of a motion to amend the complaint so as to state a federal claim.

An appropriate Order follows.

Dated: January 15, 2019

										   /s/ Kevin McNulty
										HON. KEVIN MCNULTY, U.S.D.J.