# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMEEL IBRAHIM,** <br><br> **Plaintiff,** <br><br> v. <br><br> **STATE OF NEW JERSEY ATTORNEY GENERAL, ESSEX COUNTY PROBATION SERVICES DIVISION, NEW JERSEY ADMINISTRATIVE OFFICE OF THE COURTS, and NEW JERSEY DEPARTMENT OF HUMAN SERVICES,** <br><br> **Defendants.** | Civ. No. 18-3461 (KM) (CLW) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

      Plaintiff Jameel Ibrahim, *pro se*, brings an action against the State of New Jersey Attorney General, Essex County Probation Services Division, New Jersey Administrative Office of the Courts, and New Jersey Department of Human Services (collectively, the "Defendants") seeking to vacate a New Jersey state court order requiring him to pay child support. On January 16, 2019, I filed an Opinion and Order granting the Defendants' motion to dismiss the original complaint for failure to state a claim. That dismissal was entered without prejudice to the filing of a motion to amend the complaint within 30 days. (*See* DE 64, 65.) Plaintiff subsequently filed various documents (*see* DE 66, 73, 74 and 75), which I construed as Plaintiff's motion to amend the complaint pursuant to Fed. R. Civ. P. 15 (together, the "amended complaint"). (*See* DE 76.) Defendants have filed oppositions to the motion to amend (*see* DE 77, 78), and Plaintiff has filed documents that are, in substance, a reply. (*See*

1

DE 79, 84.)[1] For the reasons stated herein, the motion to amend will be denied, this time with prejudice.

## I. Background

Familiarity with my prior opinion is assumed. Because I write for the parties, I will state facts relevant to this motion to amend.

Like the original complaint, the amended complaint is directed at a child support order issued by a New Jersey state court. (*See* DE 1, 66, 74, 74, 75.) Plaintiff's prior submissions indicate that he is the father of a child born in March 2000, and that, at least from April 2016 through June 2016, he owed weekly child support payments of $81.00. (DE 9 at 18-21).

Plaintiff's asserts various arguments in his amended complaint: he seeks to vacate the child support order because he claims that it was entered "coram non judice"; that he should be refunded $64,257.24; that his driver's license be reinstated; and that the New Jersey Child Support Enforcement cease reporting his outstanding child support obligations to TransUnion and Equifax and to his current and future employers. (DE 66 at 4.) Plaintiff also argues that the child support order is void because it is actually a fictional, "quasi-contract" which is not legally binding, and that he was coerced into agreeing to it by an individual named Korea Rodriguez. (*See* DE 73, 74, 75.) Plaintiff also asserts the following causes of action in his amended complaint:

- Invasion of privacy;
- Depravity of rights under the color of law;
- Trespassing on property;
- Misrepresentation of material facts;
- Defamation of character;
- Use of his name for commercial purposes;

---

[1] Plaintiff filed DE 84 as a "Motion to Strike defendants motion to dismiss and defendants brief in opposition," however, I will construe this filing as a reply brief in further support of his motion to amend since it refers to Fed. R. Civ. P. 15 and to Defendants' opposition briefs.

- Mental stress/extreme emotional stress;
- Assault and battery;
- Threat of false imprisonment; and
- Identity theft.

(*See id.*)

## II.     Standard of Review

Under Fed. R. Civ. P. 15(a)(2), a court may grant leave for a plaintiff to amend his pleading "when justice so requires." The rule explicitly states that "leave [to amend] shall be freely given," and thus courts "have shown a strong liberality . . . in allowing amendments under Rule 15(a)." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir.1981) (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.08(2) (2d ed. 1989)). However, a court may deny a motion to amend the pleadings where there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) futility of amendment, or (5) repeated failure to correct deficiencies. *See Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962). An amended complaint is deemed to be futile if it "would not withstand a motion to dismiss" under the standards set forth in Fed. R. Civ. P. 12(b)(6). See *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

When a plaintiff is proceeding *pro se*, a court must hold these pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). This does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure; "[e]ven a *pro se* complaint must give the defendants fair notice of what a plaintiff's claim is and the grounds upon which it rests." *Schulsinger v. Perchetti*, No. 15-5752, 2016 WL 475303, at *3 (D.N.J. Feb. 8, 2016)).

Because I find that Plaintiff's proposed amended complaint, even construed liberally, does not plausibly state a claim which relief may be granted, I find that amendment would be futile.[2]

---

[2]  Defendants argue in the alternative that this court should exercise its discretion to abstain from hearing the case under the *Younger* doctrine (DE 77 at 16), citing *Frederick of Family Gonora v. Office of Child Support Servs.*, 783 F. App'x 250, 251 (3d Cir. 2019). Because I find that no cause of action is stated, I will not explore these federalism-related concerns.

### III.   Analysis

As an initial matter, I will dismiss the following causes of action Plaintiff lists in docket entries 73, 74, and 75 because they do not present a claim for which relief may be granted: invasion of privacy, depravity of rights under the color of law, trespassing on property, misrepresentation of material facts, defamation of character, mental stress, assault and battery, threat of false imprisonment, and identity theft.

As stated above, a plaintiff must provide the "'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Some of Plaintiff's claims, such as [deprivation] of rights under the color of law and misrepresentation of material facts, fail to provide any relevant explanation or factual background at all. Plaintiff's other claims, such as invasion of privacy and assault and battery, do provide a short explanation. Once again, however, they fail to connect to any conduct of the Defendants. Plaintiff does refer to the actions of two individuals, Ms. Koceyda Hopkins and hearing officer "KR." Neither, however, is named as a defendant in the amended complaint, and no facts are alleged to suggest that they are employed by the defendants that are name.[3]

Defendants state that they are "wholly unable to identify, grasp, and respond to the claims against them – if any claims do in fact exist." (DE 77 at 13.) Their perplexity is understandable. The amended complaint fails to plead facts sufficient to put Defendants on notice of actions could result in liability. These counts, I find, fail to meet the minimal pleading requirements of Fed. R. Civ. P. 8(a).

Plaintiff also alleges that the state court judgments entered against him are void because they were "signed 'Coram Non Judice.'" (DE 66 at 4.) These contentions are frivolous. "*Coram non judice,* literally translated as 'before a

---

[3]   Koceyda Hopkins may be the individual to whom Plaintiff is making his child support payments. (*See* DE 9 at 17.) KR may be hearing officer Korea Rodriguez .

5

person not a judge,' mean[s], in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment." *Ortega v. Hollingsworth*, No. 15-1253 (JBS), 2016 WL 1223540, at *2 (D.N.J. Mar. 29, 2016) (citing *Burnham v. Superior Court of Ca., Cty. of Marin*, 495 U.S. 604, 608-09 (1990)). Plaintiff has failed to explain what he means by this allegation. The child support order in question was signed by a judicial officer in the Superior Court of New Jersey of Essex County, Chancery Division – Family Part. (*See* DE 9 at 17.)

Plaintiff also raises several arguments grounded in contract law as to why the child support order is void. (*See* DE 73, 74, 75.) The argument seems to be that the child support order is a sort of quasi-contract that was entered into unfairly and unlawfully, and thus void. (DE 73 at 1.) It is not; it is an order of the state court. Plaintiff cites the doctrines of fraud, illegality, duress, and mutual mistake, but fails to explain factually how they might apply to this order. Again, Defendants are not adequately informed as to the nature of the actual grievance and its relation to a recognized cause of action. I find that Plaintiff's contract claims do not meet the pleading requirements pursuant to Fed. R. Civ. P. 8(a).

### IV. CONCLUSION

For the reasons stated in this Opinion, I will **DENY** Plaintiff's motion to amend. (DE 66, 73, 74, and 75.)

An appropriate Order follows.

Dated: July 14, 2020

/s/ Kevin McNulty

---

**HON. KEVIN MCNULTY, U.S.D.J.**