## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMEEL IBRAHIM,** | Civ. No. 18-3461 (KM) (CLW) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **STATE OF NEW JERSEY ATTORNEY GENERAL, ESSEX COUNTY PROBATION SERVICES DIVISION, NEW JERSEY ADMINISTRATIVE OFFICE OF THE COURTS, AND NEW JERSEY DEPARTMENT OF HUMAN SERVICES** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court are *pro se* Plaintiff Jameel Ibrahim's motions (DE 96; DE 101; DE 102):[1] (1) for reconsideration of this Court's July 14, 2020 Opinion and Order (DE 93; DE 94) denying with prejudice Mr. Ibrahim's motion to amend his complaint (MTA); (2) to "Depose Defendants Opposition to Reconsideration"; and (3) for final judgment. For the reasons provided herein, I will deny the motions.

---

[1] Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Plaintiff's Complaint (DE 1)

"MTA" = Plaintiff's filings treated together as a motion to amend (DE 66, 73–75)

1

I. **Summary**

I write primarily for the parties and assume familiarity with the facts and procedural history. Here are the facts most relevant to this motion.

On March 12, 2018, Mr. Ibrahim filed a Complaint against the New Jersey Attorney General, the Essex County Probation Services Division, the New Jersey Administrative Office of the Courts, and the New Jersey Department of Human Services, apparently seeking to vacate a New Jersey state court order requiring him to pay child support. (Compl.) I dismissed that complaint without prejudice on January 16, 2019, on the ground that it failed to state a claim. (DE 64.) Mr. Ibrahim sought review by the Third Circuit, which denied his appeal as interlocutory. (DE 65; DE 72.) He then filed three letters in July 2019 (DE 73, DE 74, DE 75) which I construed as a motion to amend the complaint. (DE 76.)

On July 14, 2020, I denied amendment, concluding that Mr. Ibrahim's proposed amendment "fail[ed] to provide any relevant explanation or factual background at all" and "fail[ed] to connect to any conduct of the defendants." (DE 93 at 5.) Mr. Ibrahim appeared to be claiming that his child support order was void because it was a fictional quasi-contract which was not legally binding. (*Id.* at 6.) As I explained, however, the child support order was an order of the state court, not a contract, so contract principles did not apply. (*Id.*) Mr. Ibrahim also claimed invasion of privacy, deprivation of rights under the color of law, trespassing on property, misrepresentation, defamation, mental stress, assault and battery, threat of false imprisonment, and identity theft. (DE 93 at 5.) These allegations, however, either lacked any explanation or factual background at all, or failed to connect in any way to identified conduct of the defendants. (*Id.*)

II. **Discussion**

    a. **Motion to Reconsider**

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). Reconsideration is an "extraordinary remedy," to be

granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

A party seeking to persuade the court that reconsideration is appropriate bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted); *see also Crisdon v. N.J. Dep't of Educ.*, 464 F. App'x 47, 49 (3d Cir. 2012) ("The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence.") (internal citation omitted). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

Mr. Ibrahim's motion to reconsider alleges a number of facts, such as that his child support obligations terminated on March 3, 2019. It also makes a number of other allegations which are harder to decipher, such as an allegation that individuals named Korea Rodriguez and Koceyda Hopkins were required to provide his social security number in order to bind him to a contract. (DE 96 at 3.) He also makes a number of claims that appear to assert both that the court has and that it does not have jurisdiction over this case. (DE 96 at 3–4.) He claims that I do not have the authority to make legal rulings as a United States Magistrate Judge (I am a United States District Judge). (*Id.* at 4.) Last, he confusingly asserts that he has proven that there is a

government interest in passing a statute which denies him the rights of due process. (*Id.* at 5.)

These allegations, to the extent they are comprehensible at all, do not present new evidence, an intervening change in controlling law, or provide any other reason for me to reconsider my previous opinion. Mr. Ibrahim's child support obligations are the result of a court order, not a contract, and, as I previously determined, his contractual arguments therefore fail. He has provided no reason for me to reverse that determination today.

### b. Motion to "Depose Defendant's Opposition to Reconsideration"

In this motion, Mr. Ibrahim invokes admiralty and maritime jurisdiction in an effort to obligate the court to reconsider his motion to amend. (*See* DE 101.) Admiralty or maritime jurisdiction applies to contract or quasi-contractual claims where they "arise out of maritime contracts or other inherently maritime transactions." *Eddystone Rail Co., LLC v. Rios*, 431 F. Supp. 3d 638, 649 (E.D. Pa. 2019); *Interpool, Inc. v. Four Horsemen, Inc.*, 2017 U.S. Dist. LEXIS 17693 at *6–7 (D.N.J. Feb. 8, 2017) ("the true criterion is whether [the contract] has reference to maritime service or maritime transactions"); *see also Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 880 (3d Cir. 1992) (in "contract cases, admiralty jurisdiction arises only when the subject matter of the contract is 'purely' or 'wholly' maritime in nature"); *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 601 (3d Cir. 1991) (admiralty or maritime jurisdiction requires "a potential impact on maritime commerce [or] bear a substantial relationship to traditional maritime activity, in addition to occurring on navigable waters."). Mr. Ibrahim's claims have nothing to do with maritime transactions. Nor are Mr. Ibrahim's tort claims subject to admiralty or maritime jurisdiction, as they do not involve actions which occurred on navigable water and are not related to maritime activity. *In re Christopher Columbus, LLC*, 872 F.3d 130, 134 (3d Cir. 2017). In any event, Mr. Ibrahim

4

supplies no reason why the application of such jurisdiction would compel reconsideration. I deny this motion.

### c. Motion for Final Judgment

Mr. Ibrahim moves for final judgment in his favor. (DE 102.) He has not, however, prevailed on his claims. To the contrary, his complaint has been dismissed and his motion to amend denied. I therefore will not enter judgment in his favor.

## III. Conclusion

For the reasons set forth above, I will deny Mr. Ibrahim's motions. (DE 96; DE 101; DE 102.)

An appropriate order follows.

Dated: January 8, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**